Kevin MacMurray Esq.,
MacMurray & Associates LLC
Two Center Plaza Suite 605
Boston MA 02108
(617) 742 8161
BBO# 558192

Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MEYER JUAN DE LEON BARRIOS,<br><br>Petitioner-Plaintiff,<br><br>v.<br><br>DAVID WESLING, Field Office Director of ICE ERO in the Boston Field Office;<br>PATRICIA HYDE, Acting Field Office Director;<br>TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement;<br>PAMELA BONDI, U.S. Attorney General;<br>and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>Respondents-Defendants. | Case No. ________________ |

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER SEEKING STAY OF TRANSFER, RELEASE, BOND HEARING, AND INVENTORY AND RETURN OF PERSONAL PROPERTY**

## I. INTRODUCTION

1. Petitioner Meyer Juan De Leon Barrios is a native and citizen of Guatemala who is currently in the custody of U.S. Immigration and Customs Enforcement ("ICE"). He seeks immediate habeas relief under 28 U.S.C. § 2241 to remedy unlawful detention practices that deprive him of due process, access to counsel, and meaningful judicial review.
2. Petitioner entered the United States sometime after April 2017 as a minor. The precise date of entry is not presently known to Petitioner or counsel, a common circumstance for unaccompanied children. Petitioner has a pending application before U.S. Citizenship and Immigration Services as a former Unaccompanied Alien Child (UAC).
3. Petitioner's removal proceedings before the Chelmsford Immigration Court were administratively closed on January 27, 2025, and no removal proceedings are currently pending before EOIR.
4. Petitioner was recently detained by ICE and last known to be held at the Burlington, Massachusetts ICE facility. As of the filing of this Petition, Petitioner does not appear in the ICE Online Detainee Locator System, and ICE has provided no notice of Petitioner's current location or legal basis for continued detention.
5. ICE's detention of Petitioner—despite a pending UAC application, administratively closed immigration proceedings, and failure to disclose his whereabouts—violates the Due Process Clause of the Fifth Amendment and exceeds ICE's statutory authority.
6. Petitioner seeks narrowly tailored relief: (a) immediate disclosure of his current place of detention and production before this Court; (b) a stay of any transfer outside the District of Massachusetts; and (c) immediate release from ICE custody.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 2241, 28 U.S.C. § 1331, and the Suspension Clause of the United States Constitution.
7. Federal courts possess authority to grant habeas relief where immigration detention violates the Constitution, federal law, or exceeds statutory authority, including authority to order release, bond hearings, and ancillary injunctive relief necessary to make the writ effective.
8. Venue is proper in the District of Massachusetts because Petitioner was last detained within this District, Respondents exercise custody and control here, and ICE's failure to disclose Petitioner's location directly frustrates this Court's habeas jurisdiction.

## III. PARTIES

9. Petitioner Meyer Juan De Leon Barrios is a native and citizen of San Marcos, Guatemala. He entered the United States after April 2017 and has remained in the United States since that time.
10. Respondents are federal officials sued in their official capacities who are responsible for Petitioner's detention, custody, and transfer decisions.

## IV. FACTUAL BACKGROUND

11. Petitioner Meyer Juan De Leon Barrios is currently 25 years old. He entered the United States sometime after April 2017 as a minor child, without a parent or legal guardian available to provide care and custody at the time of entry.
12. Upon entry, Petitioner was encountered by immigration authorities and classified as an Unaccompanied Alien Child (UAC) within the meaning of 6 U.S.C. § 279(g)(2). As a

UAC, Petitioner was placed into the custody of the Office of Refugee Resettlement (ORR) and later released to a sponsor pursuant to federal child-protection procedures.

13. Because Petitioner was designated a UAC, he became eligible for, and subsequently filed, an application for humanitarian relief over which U.S. Citizenship and Immigration Services retains exclusive initial jurisdiction under federal law.

14. Petitioner has maintained a pending application before USCIS arising from his UAC status, which has never been denied, terminated, or withdrawn.

15. On January 27, 2025, the Chelmsford Immigration Court administratively closed Petitioner's removal proceedings. As a result, Petitioner is not currently in active removal proceedings and is not subject to a final order of removal.

16. Despite the absence of active removal proceedings and the pendency of a UAC-based application before USCIS, ICE detained Petitioner and held him at the Burlington, Massachusetts ICE facility.

17. As of the filing of this Petition, Petitioner does not appear in the ICE Online Detainee Locator System. ICE has failed to provide counsel with Petitioner's current location, custodian, or legal basis for continued detention.

18. ICE's failure to disclose Petitioner's whereabouts places him incommunicado, depriving him of access to counsel and the courts and preventing meaningful judicial review.

19. Absent immediate judicial intervention, ICE may continue to detain Petitioner without lawful authority or transfer him without notice, causing irreparable harm.

20. Petitioner entered the United States as a minor and was designated an Unaccompanied Alien Child (UAC) under federal law.

21. Petitioner has a pending application before USCIS arising from his UAC status, over which USCIS retains exclusive initial jurisdiction.

22. On January 27, 2025, the Chelmsford Immigration Court administratively closed Petitioner's removal proceedings. As a result, Petitioner is not currently in active removal proceedings and is not subject to an executable removal order.

23. Despite the absence of active removal proceedings and the pendency of a UAC application, ICE detained Petitioner and held him at the Burlington ICE facility.

24. As of today, Petitioner does not appear in the ICE Online Detainee Locator System. ICE has failed to provide counsel with Petitioner's current location, custodian, or legal basis for continued detention.

25. ICE's failure to disclose Petitioner's whereabouts places him incommunicado, depriving him of access to counsel and the courts and preventing meaningful judicial review.

26. Absent immediate judicial intervention, ICE may continue to detain Petitioner without lawful authority or transfer him without notice, causing irreparable harm.

## V. LEGAL GROUNDS FOR RELIEF[1]

### A. Arbitrary Detention Without a Bond Hearing Violates Due Process

27. Under the Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA), Congress established heightened procedural protections for unaccompanied children,

[1] Petitioner notes that he is a member of the *Orellana-Guerra v. Warden* class, which affords detained noncitizens procedural protections against transfer practices that interfere with access to bond hearings and judicial review. Despite the existence of the class-wide injunction, Immigration Judges and DHS trial counsel within the Boston Immigration Court have persisted in declining to give effect to the Orellana-Guerra protections absent an individualized federal habeas order. In practice, this has resulted in continued transfers, disrupted bond proceedings, and jurisdictional confusion, rendering class membership alone insufficient to safeguard due process. Accordingly, individualized habeas relief remains necessary to enforce Petitioner's constitutional and statutory rights and to ensure meaningful access to custody redetermination.

including limits on immigration enforcement authority and a statutory framework prioritizing child welfare and humanitarian adjudication. See 8 U.S.C. § 1232; 6 U.S.C. § 279(g)(2).

28. Where a noncitizen was designated a UAC and filed an application for humanitarian relief within the scope of the TVPRA, USCIS retains exclusive initial jurisdiction over that application, even if the individual later reaches the age of majority. See 8 U.S.C. § 1158(b)(3)(C); 8 C.F.R. § 208.2(b).

29. ICE lacks statutory authority to detain a former UAC with a pending USCIS application and no active removal proceedings, particularly where detention serves no removal-related purpose and directly undermines the TVPRA's child-protection framework.

30. Continued detention under these circumstances is ultra vires, punitive, and inconsistent with Congress's express intent to shield UACs from enforcement practices that frustrate access to humanitarian relief.

31. ICE lacks statutory authority to detain Petitioner where removal proceedings are administratively closed and a UAC application remains pending before USCIS.

**B. Failure to Disclose Petitioner's Location Violates the Core Purpose of Habeas**

32. Habeas relief requires the ability to identify the custodian and challenge the legality of custody. ICE's failure to disclose Petitioner's location independently violates due process.

**C. Continued Detention Is Unreasonable in Light of the Pending I-730 Petition**

33. Detention of a former UAC with a pending USCIS application, absent individualized findings or proceedings, is arbitrary and unconstitutional.

**D. This Court Has Authority to Stay Transfer and Order Production**

34. This Court may enjoin transfers, order production of Petitioner, and issue ancillary relief necessary to preserve jurisdiction and make habeas relief effective.

**VI. REQUEST FOR TEMPORARY RESTRAINING ORDER**

35. Petitioner satisfies all requirements for emergency injunctive relief. A temporary restraining order maintaining the status quo is necessary to prevent irreparable harm and preserve this Court's jurisdiction.

**VII. RELIEF REQUESTED**

**WHEREFORE**, Petitioner respectfully requests that this Court:

1. Grant the Petition for Writ of Habeas Corpus;
2. Order Respondents to immediately disclose Petitioner's current location and produce Petitioner before this Court;
3. Issue an immediate Temporary Restraining Order prohibiting Respondents from transferring Petitioner outside the District of Massachusetts;
4. Order Petitioner's immediate release from ICE custody;
5. In the alternative, order a prompt individualized bond hearing before a neutral adjudicator, at which DHS bears the burden of proof;
6. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

ss// *Kevin MacMurray*

Kevin MacMurray
BBO#558192
MacMurray & Associates, LLC
Two Center Plaza, Suite 605
Boston, MA 02108
kpm@macmurrayassociates.com

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I represent Petitioner, Meyer Juan De Leon Barrios, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 22 day of January, 2025.

*/s/ Kevin MacMurray*
Kevin MacMurray

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Dated this 22 day of January, 2025.

*/s/ Kevin MacMurray*
Kevin MacMurray