Kevin MacMurray Esq.,
MacMurray & Associates LLC
Two Center Plaza Suite 605
Boston MA 02108
(617) 742 8161
BBO# 558192

Attorney for Petitioner

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| MEYER JUAN DE LEON BARRIOS,<br><br>Petitioner-Plaintiff,<br><br>v.<br><br>DAVID WESLING, Field Office Director of ICE ERO in the Boston Field Office;<br>PATRICIA HYDE, Acting Field Office Director;<br>TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement;<br>PAMELA BONDI, U.S. Attorney General;<br>and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>Respondents-Defendants. | ) | Case No. 1:26-cv-10266 |

**PETITIONER'S EMERGENCY MOTION FOR CONTEMPT AND FOR IMMEDIATE RELEASE**

Petitioner Meyer Juan de Leon Barrios, through undersigned counsel, respectfully moves this Court for an Order (1) holding Respondents in contempt of this Court's January 29, 2026

Memorandum and Order (Dkt. 7), and (2) ordering Petitioner's immediate release from custody. In support thereof, Petitioner states as follows:

## I. Procedural Background

1. On January 29, 2026, this Court granted the Petition for Writ of Habeas Corpus.
2. The Court expressly ordered that:

   "Respondents are hereby ORDERED to either release petitioner or provide him a constitutionally-adequate bond hearing pursuant to Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021) no later than February 5, 2026."
3. The Order imposed a clear, unambiguous deadline: **no later than February 5, 2026**.
4. As of the filing of this Motion, that deadline has passed.

## II. Government's Noncompliance

5. Respondents have not released Petitioner.
6. Respondents have not provided Petitioner with a constitutionally adequate bond hearing.
7. Respondents have not scheduled any bond hearing before the Chelmsford Immigration Court.
8. Respondents have not filed an I-830 (Notice to EOIR: Alien Address) with the Immigration Court notifying it that Petitioner is detained by ICE.
9. As a result, the Immigration Court docket does not reflect that Petitioner is detained, and no custody redetermination hearing has been initiated.
10. To date, Petitioner remains detained at the ICE facility in Burlington, Massachusetts without the bond hearing this Court ordered.

## III. Legal Standard for Civil Contempt

11. A party may be held in civil contempt where (1) the underlying order is clear and unambiguous; (2) the alleged contemnor had notice of the order; and (3) the alleged contemnor failed to comply.
12. The January 29, 2026 Order is clear and unequivocal: Respondents were required to either release Petitioner or provide him a constitutionally adequate bond hearing no later than February 5, 2026.
13. Respondents were served with and had notice of the Order.
14. Respondents have failed to comply.
15. No ambiguity exists as to the relief required or the deadline imposed.

## IV. Continued Detention Is Unlawful

16. This Court has already determined that Petitioner's detention under 8 U.S.C. § 1225(b) is unlawful and that he may be detained, if at all, only under 8 U.S.C. § 1226(a).
17. The Court further held that Petitioner is entitled to a bond hearing consistent with *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021).
18. Absent compliance with that Order, Petitioner's continued detention is without lawful authority.
19. The failure to file an I-830 and initiate immigration court jurisdiction over custody further underscores Respondents' disregard for both regulatory process and this Court's directive.
20. Each day of noncompliance compounds the constitutional violation previously identified by this Court.

## V. Immediate Release Is the Appropriate Remedy

21. Where the government fails to comply with a clear habeas order requiring a bond hearing by a date certain, courts routinely order immediate release as a coercive and remedial measure.
22. The Court ordered compliance by February 5, 2026. That date has passed.
23. Respondents have neither sought an extension nor provided justification for noncompliance.
24. Under these circumstances, immediate release is warranted to enforce the Court's authority and remedy the ongoing unlawful detention.

## VI. Requested Relief

WHEREFORE, Petitioner respectfully requests that this Court:

A. Find Respondents in civil contempt of the Court's January 29, 2026 Order (Dkt. 7);

B. Order Petitioner's immediate release from ICE custody;

C. In the alternative, order that Petitioner be released unless Respondents provide a constitutionally adequate bond hearing within 24 hours; and

D. Grant such other relief as this Court deems just and proper to ensure compliance with its Order.

Respectfully submitted,

ss// *Kevin MacMurray*

Kevin MacMurray

BBO#558192
MacMurray & Associates, LLC
Two Center Plaza, Suite 605
Boston, MA 02108
kpm@macmurrayassociates.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Dated this 06 day of February, 2026.

/s/ *Kevin MacMurray*
Kevin MacMurray